**Kalyan Pokala (State Bar No. 259947)**
 *kalyan@pokalalaw.com*
**Matthew Zarley (State Bar No. 332236)**
 *mzarley@pokalalaw.com*
Pokala Law APC
2535 Kettner Blvd. Ste. 2C2
San Diego, CA 92101
Telephone:   (619) 394-0187
Facsimile:    (619) 878-5815


Attorneys for Plaintiff
CAROLINE ZUREGA

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINE ZUREGA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE, a federal agency; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.:  **'22CV0352 W BGS**<br><br>**COMPLAINT FOR:**<br><br>   **1. GENERAL NEGLIGENCE**<br>   **2. PREMISES LIABILITY**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff CAROLINE ZUREGA ("Plaintiff" or "ZUREGA"), an individual, by and through her attorneys, hereby alleges as follows against Defendant UNITED STATES POSTAL SERVICE ("USPS"), and DOES 1-20, inclusive (collectively "Defendants"):

## NATURE OF THE ACTION

1.     This is an individual action for:

(1) General Negligence against Defendant USPS and DOES 1 through 20; and

(2) Premise Liability against Defendant USPS and DOES 1 through 20.

## JURISDICTION AND VENUE

2.     Pursuant to 39 U.S.C. § 409, the United States district courts shall have original, but not exclusive jurisdiction, over all actions brought by or against the United States Postal Service. The United States Postal Service is a named defendant in this case, and the facts that give rise to the instant action occurred at a United States Postal Service facility. As such, this Court has proper jurisdiction to hear this case.

3.     Venue is proper in this Court pursuant to 29 U.S.C. § 1391(b), because the events giving rise to the claims made herein occurred in this Judicial District, and Defendant USPS has its principal place of business within this District.

4.     On October 7, 2020, Plaintiff timely filed an administrative claim with the United States Postal Service pursuant to the Federal Tort Claims Act. On December 21, 2021, the United States Postal Service issued a dispositive notice stating that Plaintiff's claim was denied and indicated that Plaintiff may file suit in a United States District Court no later than six months after December 21, 2021. A true and correct copy of this correspondence is attached hereto as **Exhibit A**.

5.     Plaintiff has therefore exhausted all administrative remedies available to her, making the filing of this lawsuit the only proper remedy left available.

## THE PARTIES

6.     Plaintiff ZUREGA was at all times mentioned herein a resident of the County of San Diego, California.

7.     On information and belief, Defendant USPS is, and at all relevant times was, a federal agency with a place of business located at 6519 Bisby Lake Ave, San Diego, CA 92119. USPS is a federally-run business establishment that offers to the

public accommodations, facilities, and services in relation to sending and receiving parcels or packages.

8.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 20, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of such fictitiously named defendant when they are ascertained.

## FACTUAL BACKGROUND

9.    On January 6, 2020, Plaintiff ZUREGA, at the time an 86-year-old woman, visited the United States Post Office branch located at 6519 Bisby Lake Avenue, San Diego, CA 92119 (the "Premises").

10.    The entrance of this Premises consists of a parking lot with a curb that begins at the same level of the parking lot, and slowly inclines to meet the entryway to the building. The curb is painted bright yellow from the start of incline until a raise of approximately six to seven inches above the parking lot, after which a railing is installed. There is no distinction in the paint used to signify the difference in height. For ease of reference, a true and correct copy a photo of the location in question, taken on February 10, 2020, has been attached hereto as **Exhibit B**.

11.    While leaving the Premises, Plaintiff ZUREGA stepped off of the curb to reenter the parking lot.

12.    Plaintiff stepped off the curb shortly after the railing stopped. Plaintiff mistakenly believed that the yellow paint indicated the curb would be the same elevation as it was when the curb first started.   In actuality, the curb was approximately six to seven inches higher than she believed.

13.    Unable to adjust in time, Plaintiff unfortunately fell onto the pavement, landing on her face/head, and sustained pain through her right shoulder, right arm, right leg, right knee and hip. Several people nearby, including the manager of the Post Office branch, a woman only identified as "Angela," approached Plaintiff to

1    see whether she was injured.

2    14.    Shortly after the fall, Plaintiff was taken to the ER at Sharp Memorial

3    Hospital by her daughter and was subsequently diagnosed with facial fractures.

4    Plaintiff's daughter expressed concern that Plaintiff had suffered a stroke. At that

5    time, however, Plaintiff's healthcare professionals did not perform an X-ray or CAT

6    scan.

7    15.    Two days later, Plaintiff was still experiencing pain and taken to Sharp

8    Grossmont Hospital. Once there, Plaintiff was diagnosed with a subarachnoid

9    hematoma, subdural bleeding, fractured sinuses, a fracture of the right acetabulum, a

10    fracture of the sacral alla, and a pelvic fracture.

11    16.    As a result of her injuries, Plaintiff has suffered a significant loss to her

12    quality of life; including motor and cognitive brain function. Plaintiff's quality of

13    life has deteriorated to the extent that Plaintiff's family must now consider full-time

14    palliative care.

15    17.    As a result of her injuries, Plaintiff has incurred significant medical

16    expenses, including hospitalizations, various treatments, physical therapy, and

17    palliative care at an amount to be determined at trial.

18    **FIRST CAUSE OF ACTION**

19    **General Negligence**

20    Against All Defendants and DOES 1-20

21    18.    Plaintiff incorporates by reference and hereby re-alleges paragraphs 1-

22    17, inclusive, as though set forth fully herein.

23    19.    Defendant USPS operates a post office branch located on the Premises.

24    20.    Defendant USPS owe a duty of ordinary care to furnish to its patrons a

25    reasonably safe place in which to conduct their business.

26    21.    As an individual on the Premises to conduct business with Defendant

27    USPS, Defendant owed a duty of ordinary care to Plaintiff.

28    22.    By improperly painting a curb to the extent that it caused confusion and

1   risk of serious injury to its patrons, Defendant breached their duty of care.

2       23.    Defendant's breach of their duty of care was a substantial factor in

3   causing Plaintiff's harm.

4       24.    As a result of Defendant's negligence, Plaintiff sustained serious

5   injuries and cannot be made whole again.

6       25.    As a result of Defendant's negligence, Plaintiff and Plaintiff's family

7   has suffered undue hardship in an amount to be proven at trial.

8   **SECOND CAUSE OF ACTION**

9   **Premises Liability**

10  Against Defendant USPS and DOES 1-20

11      26.    Plaintiff incorporates by reference and hereby re-alleges paragraphs 1-

12  25, inclusive, as though set forth fully herein.

13      27.    Defendant USPS operates a post office branch located on the Premises.

14      28.    The entrance of this Premises consists of a parking lot with a curb that

15  begins at the same level of the parking lot, and slowly inclines to meet the entryway

16  to the building. The curb is painted bright yellow from the start of incline until a

17  raise of approximately six to seven inches above the parking lot, after which a

18  railing is installed. There is no distinction in the paint used to signify the difference

19  in height.

20      29.    The resulting ambiguity in the demarcating of the curb on the Premises

21  created a dangerous condition.

22      30.    Plaintiff believes and hereon alleges that the demarcation of this curb

23  has been the same for many years, but has remained virtually unchanged from 2018

24  until the time of this filing.

25      31.    By virtue of the size, location, and length of time this demarcation has

26  existed, Defendant USPS had constructive notice of this dangerous condition.

27      32.    Plaintiff's injury was directly caused by the dangerous condition on the

28  Premises.

33.     Plaintiff's injury was a reasonably foreseeable result of the existence of such dangerous condition.

34.     Defendant USPS' negligence in correcting the dangerous condition on the Premises was a substantial factor in Plaintiff's harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

1.     Compensatory damages in an amount to be determined at trial;

2.     For injunctive relief, according to proof;

3.     For punitive damages according to proof,;

4.     For attorney fees, statutory costs, and expenses;

5.     For judgment in favor of Plaintiffs and against each Defendant on all causes of action; and

6.     For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff CAROLINE ZUREGA, an individual, hereby demands a jury trial.

Respectfully submitted,

Dated:  March 16, 2022                    **POKALA LAW APC**

s/ Kalyan Pokala
_____
Kalyan Pokala
Attorney for Plaintiff
Caroline Zurega

COMPLAINT

# EXHIBIT A

LAW DEPARTMENT
NATIONAL TORT CENTER


UNITED STATES
POSTAL SERVICE

VIA CERTIFIED MAIL7020 2450 0002 0564 2300
RETURN RECEIPT REQUESTED

December 20, 2021

Kalyan Pokala
Pokala Law
2535 Kettner Blvd, Suite 2C-2
San Diego, CA 92101

Re:   Your Client:          Caroline Zurega
      Date of Incident:     January 6, 2020
      NTC Claim No.:        NT202063451

Dear Mr. Pokala:

This is in reference to the administrative claim you filed on behalf of the above-referenced claimant under the provisions of the Federal Tort Claims Act, as a result of injuries allegedly sustained on or about January 6, 2020.

The Postal Service is not legally obligated to pay all losses which may occur, but only those caused by the negligent or wrongful act or omission of an employee acting in the scope of his/her employment.  We are guided in our determination by all the information available to us, including the reports of our personnel and any other persons acquainted with the facts.

As to the incident at issue, an investigation of this matter failed to establish a negligent act or omission on the part of the U.S. Postal Service or its employees.
While we regret any injury that may have occurred, we cannot accept legal liability for these alleged damages.  Accordingly, this claim is denied.

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service mails the notice of that final action.  Accordingly, any suit filed in regard to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above.   Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

Alternatively, and in accordance with the regulations set out at 39 C.F.R. 912.9(b), prior to the commencement of suit and prior to the expiration of the six (6) month period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request for reconsideration with the postal official who issued the final denial of the claim. Upon the timely filing of a request for

1720 MARKET STREET, ROOM 2400
ST. LOUIS, MO  63155-9948
TEL:  314/345-5820
FAX:  314/345-5893

- 2 -

reconsideration, the Postal Service shall have six (6) months from the date of filing in which to make a disposition of the claim and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six (6) months after the filing of the request for reconsideration.

A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.

Sincerely,

Ann Mandernach
Tort Claims Examiner/Adjudicator
Tel:  314/345-5847

cc:   Carina Caballes, Tort Claims Coordinator
      File No.: 920-20-462685

# EXHIBIT B

